UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SHELLEY R. BRANTLEY           CIVIL ACTION NO. 6:13-cv-01127

VERSUS                        JUDGE HAIK

NEXION HEALTH AT LAFAYETTE,   MAGISTRATE JUDGE HANNA
INC. d/b/a LAFAYETTE CARE CENTER

### *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

The plaintiffs' complaint alleges that this Court has jurisdiction over this action, under 28 U.S.C. § 1332, because the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00.  The undersigned reviewed the pleadings and found that the requirements for diversity jurisdiction have not been satisfied.

The party invoking subject matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[1]  In this case, the plaintiff must bear that burden.

When, as here, the plaintiff does not seek recovery of a determinate amount in his complaint, she has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[2]  To satisfy that burden, she must either

---

[1] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

[2] *St. Paul Reinsurance*, 134 F.3d at 1253.

(1) demonstrate that it is facially apparent that the claims are likely above $75,000 or (2) set forth the specific facts in controversy that support a finding of the jurisdictional amount.[3]  The undersigned finds that the jurisdictional amount is not "facially apparent" from the complaint because the facts alleged in the complaint are insufficient for the undersigned to determine whether the amount in controversy exceeds the jurisdictional requirement.  Therefore, the plaintiff will be required to set forth specific facts proving that the jurisdictional threshold is satisfied.

When jurisdiction is based on diversity, the citizenship of the parties must be distinctly and affirmatively alleged.[4]  The complaint alleges that the defendant was incorporated in the state of Delaware and has its principal place of business in Maryland.  This is sufficient to establish its citizenship.

The citizenship of a natural person, such as the plaintiff in this lawsuit, is determined by the state in which he or she is domiciled, and domicile is a combination of both a person's residence and his intent to remain there permanently.[5]  The complaint does not allege the state in which the plaintiff is domiciled.

---

[3]     *St. Paul Reinsurance*, 134 F.3d at 1253.

[4]     *Mullins v. Testamerica Inc.*, 300 Fed. App'x 259, 259 (5th Cir. 2008).

[5]     *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

Therefore, the undersigned cannot determine whether the parties are diverse in citizenship.

Accordingly,

IT IS ORDERED that, not later than twenty-one days after the date of this order, the plaintiff shall file a memorandum setting forth specific facts that support a finding that the parties are diverse in citizenship and that the amount in controversy exceeds $75,000. These facts should be supported with summary-judgment-type evidence. The defendant will be allowed seven days to respond to the plaintiff's submission.

Signed at Lafayette, Louisiana, this 14th day of June 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE